**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
ELI R. GREENSTEIN (Bar No. 217945)
egreenstein@ktmc.com
JOSEPH H. MELTZER (*Pro Hac Vice*)
jmeltzer@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA  94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
STUART A. DAVIDSON (*Pro Hac Vice*)
sdavidson@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000
Fax: (561) 750-3364

*Attorneys for Plaintiff Diana Hauck*

*[additional counsel on signature page]*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| DIANA HAUCK, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>　　　　　　Defendant. | **CLASS ACTION**<br><br>**Case No. 5:18-cv-00447-LHK**<br><br>**PLAINTIFF DIANA HAUCK'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE**<br><br>Date: August 9, 2018<br>Time: 1:30 p.m.<br>Location: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

**TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on August 9, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the Honorable Lucy H. Koh, Plaintiff Diana Hauck ("Plaintiff") will move this Court pursuant to Rules 42(a) and 23(g)(3) of the Federal Rules of Civil Procedure for an Order consolidating two related, later-filed cases, *Speck v. Advanced Micro Devices, Inc.*, No. 18-cv-00744 (N.D. Cal.) and *Barnes v. Advanced Micro Devices, Inc.*, No. 18-cv-00883 (N.D. Cal.) and any other action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court, with the instant action and appointing Kessler Topaz Meltzer & Check, LLP ("KTMC") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") interim Co-Lead Class Counsel and appointing a Plaintiffs' Executive Committee comprising the firms Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"), Seeger Weiss, LLP ("Seeger Weiss"), Keller Rohrback, LLP ("Keller Rohrback"), DiCello Levitt & Casey LLC ("DiCello Levitt"), and Branstetter, Stranch & Jennings, PLLC ("Branstetter Stranch"), and on behalf of the putative Class of all persons and entities in the United States that purchased or leased one or more Advanced Micro Devices ("AMD") processors, or one or more devices containing an AMD processor.

Plaintiff's motion is based on this notice, the incorporated memorandum of points and authorities, the accompanying Declaration of Joseph H. Meltzer in Support of Plaintiff Diana Hauck's Notice of Motion and Motion for Consolidation and Appointment of Interim Co-Lead Class Counsel and Plaintiffs' Executive Committee ("Meltzer Decl.") and exhibits thereto, and any additional arguments and evidence that the Court may consider at the hearing.

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

III.  ARGUMENT ....................................................................................................... 4

     A.    The Court Should Consolidate the Cases Because They Involve Common Questions of Law and Fact ......................................................................................... 4

     B.    The Court Should Appoint KTMC and Robbins Geller as Interim Co-Lead Class Counsel and Should Appoint a Plaintiffs' Executive Committee Comprised of Branstetter Stranch, Carella Byrne, DiCello Levitt, Keller Rohrback, and Seeger Weiss................................................................................................................. 6

         1.    The Proposed Class Leadership Group Has Demonstrated a Commitment to Identifying and Investigating Potential Claims ............................................... 7

         2.    The Proposed Interim Class Leadership Group Has Significant Experience in Handling Class Actions and Complex Litigation and Has Substantial Knowledge of the Applicable Law .................................................................. 8

         3.    The Proposed Class Leadership Group Committed, and Will Continue to Commit, the Resources Necessary to Fully Protect the Interests of the Class ............................................................................................................ 14

         4.    The Proposed Class Leadership Group Will Fairly and Adequately Represent the Interests of the Class ................................................................................ 15

IV.  CONCLUSION ................................................................................................. 16

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                          **Page(s)**

*In re Apple & AT&T Antitrust Litig.*,
    No. 07-cv-05152, 2008 WL 1766761 (N.D. Cal. Apr. 15, 2008)...................................................5

*Hutchens v. Alameda Cty. Soc. Servs. Ag.*,
    No. 06-cv-6870, 2008 WL 927899 (N.D. Cal. Apr. 4, 2008)....................................................5, 6

*Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
    877 F.2d 777 (9th Cir. 1989) ...........................................................................................5

*Zhu* v. *UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) ..........................................................................5

**Other Authorities**

5 JEROLD S. SOLOVY, ET. AL. MOORE'S FEDERAL PRACTICE § 23.120(3)(b)-(c) (2017)................8, 14

ANNOTATED MANUAL FOR COMPLEX LITIGATION (4TH ED. 2006) § 21.11 .....................................6, 15

**Rules**

FED. R. CIV. P. 23 ............................................................................................. *passim*

FED. R. CIV. P. 42 ............................................................................................. *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### STATEMENT OF THE ISSUE TO BE DECIDED

Whether the Court should consolidate the above-captioned cases pursuant to FED. R. CIV. P. 42(a) and appoint KTMC, and Robbins Geller as Interim Co-Lead Class Counsel and appoint a Plaintiffs' Executive Committee comprised of Carella Byrne, Seeger Weiss, Keller Rohrback, DiCello Levitt, and Branstetter Stranch (collectively "Class Leadership Group") pursuant to FED. R. CIV. P. 23(g).

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Diana Hauck ("Plaintiff"), the named plaintiff in *Hauck v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00447-NC (N.D. Cal.) ("*Hauck*"), with the consent and support of plaintiff Brian Speck, the named plaintiff in *Speck v. Advanced Micro Devices, Inc.*, No. 18-cv-00744 (N.D. Cal.) ("*Speck*") and plaintiffs Nathan Barnes and Jonathan Caskey-Medina, the named plaintiffs in *Barnes v. Advanced Micro Devices, Inc.*, No. 18-cv-00883 (N.D. Cal.) ("*Barnes*") (collectively the "AMD Actions") moves to consolidate the *Barnes* and *Speck* actions into the earlier filed *Hauck* action pursuant to FED. R. CIV. P. 42(a).[1] Plaintiffs in the AMD Actions assert common claims against Advanced Micro Devices, Inc. ("AMD" or "Defendant") alleging that AMD's processors are defective and vulnerable to security risks, exposing users of AMD's processors to the Spectre Defect, described below, which allows programs to steal data from the memory of machines equipped with an AMD processor. The three AMD Actions are materially identical to one another. Because the AMD Actions are brought against the same Defendant, are based on the same underlying facts, and contain overlapping causes of action brought on behalf of similar classes of persons and entities, Plaintiff, with the support and consent of the *Speck* and *Barnes* plaintiffs, seeks an Order pursuant to FED. R. CIV. P. 42(a)(2) consolidating the AMD Actions into a single action bearing the caption, *In Re Advanced Micro Devices, Inc. Defect Litig.*, No. 5:18-c-00447-LHK, and consolidating any other action against AMD arising out of the same

---

[1]  The complaints filed in the *Speck* and *Barnes* actions are attached to the accompanying Declaration of Joseph H. Meltzer ("Meltzer Decl.") as Exhibits A and B, respectively.

operative facts now pending or hereafter filed in this Court with the AMD Actions, subject to the established leadership structure, and providing for the filing of a single Consolidated Complaint.

Plaintiff also respectfully requests this Court appoint the Class Leadership Group for the AMD Actions pursuant to FED. R. CIV. P. 23(g) and the Annotated Manual for Complex Litigation (4th ed. 2004) (the "*Manual*"). Specifically, Plaintiff requests that the Court appoint KTMC and Robbins Geller as Interim Co-Lead Class Counsel and appoint a Plaintiffs' Executive Committee comprised of Carella Byrne, Seeger Weiss, Keller Rohrback, DiCello Levitt, and Branstetter Stranch. Plaintiff's counsel has conferred with counsel for the *Speck* and *Barnes* plaintiffs and has secured their support for the consolidation and proposed Class Leadership Group. *See* Meltzer Decl., at ¶ 11. Each of the firms proposed to be included in the Class Leadership Group meets the requirements of FED. R. CIV. P. 23(g) concerning the appointment of interim class counsel, and each possesses the skills and experience to effectively assist in the coordinated prosecution of the AMD Actions. KTMC and Robbins Geller have substantial experience, resources, and success managing, litigating, and resolving complex nationwide class action litigation and serving as lead or co-lead class counsel, qualifying them to serve as interim Co-Lead Class Counsel here.

Consolidating these cases and appointing an interim leadership structure will promote the interests of justice, preserve the resources of the parties and the Court, and facilitate the just and efficient conduct of the AMD Actions consistent with the Federal Rules of Civil Procedure and the *Manual*. For the reasons set forth below, Plaintiff respectfully requests the Court grant her motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2018, Plaintiff filed a multi-count class action complaint alleging that AMD manufactured and marketed defective central processing units ("processors") that did not function as promised. Specifically, AMD's processors could not operate at the represented processing speeds without exposing users to at least one security vulnerability known as the Spectre Defect, which opens a gateway that allows other programs to access and steal data from the memory of computers with AMD processors. *See* ECF No. 1, at ¶¶ 4-6 (*Hauck* Class Action Complaint). There are no effective software "patches" or "fixes" that can repair AMD processors' vulnerability to the Spectre Defect. *Id.* at ¶ 6. Current efforts to mitigate the Spectre Defect through software updates have

resulted in corresponding performance slowdowns to users' processors. *Id.* Had Plaintiff and the other members of the putative *Hauck* class known about this vulnerability, they would not have purchased or leased, or would have paid substantially less for, AMD processors. *Id.* at ¶ 7. Plaintiff seeks to represent a class comprised of "all other persons and entities in the United States that purchased or leased one or more AMD processors, or one or more devices containing an AMD processor." *Id.* at ¶¶ 9, 49. The *Hauck* action asserts claims against AMD for Breach of Implied Warranty (Count I), Breach of Express Warranty (Count II), Violation of the Magnuson-Moss Warranty Act (Count III), Negligence (Count IV), Unjust Enrichment (Count V), Violation of California's Consumer Legal Remedies Act (Count VI), and Violation of California's Unfair Competition Law (Count VII).

The two later filed actions asserting materially identical allegations against AMD, *Speck* and *Barnes*, are also now pending in this District. The *Speck* action was filed on February 4, 2018. *See* Meltzer Decl., at Ex. A. It similarly alleges that the AMD processors are defective and render computers with those processors vulnerable to the Spectre Defect. Plaintiff Speck seeks to bring claims on behalf of "[a]ll persons or entities in the United States that purchased one or more AMD CPUs from AMD and/or its authorized retailer sellers and/or purchased a desktop, laptop, server or other computing device containing an AMD CPU with the Spectre security vulnerabilities." *Id.*, at ¶ 75. Plaintiff Speck asserts claims for Breach of Implied Warranty (Count I), violation of the Song-Beverly Warranty Act (Count II), Violation of Consumers Legal Remedies Act (Count III), Violation of California's Unfair Competition Law (Count IV), the Common Counts – Assumpsit, Restitution, Unjust Enrichment and/or Quasi-Contract (Count V), Strict Liability (Count VI), Negligence (Count VII), and Violation of Ohio Rev. Code § 1345.01(A) and (B) (Count VIII).

The third AMD action pending in this District, *Barnes*, was filed on February 9, 2018. *See* Meltzer Decl., at Ex. B. *Barnes* likewise alleges that AMD manufactured and sold defective processors that were vulnerable to the Spectre Defect. The *Barnes* plaintiffs seek to represent a class of "[a]ll persons or entities in the United States that purchased or leased one or more AMD processors with the Spectre Defect, or one or more devices containing an AMD processor with the Spectre Defect." *Id.* at ¶ 33. They assert claims for relief against AMD for Breach of Implied

Warranty (Count I), Breach of Express Warranty (Count II), Violation of the Magnuson-Moss Warranty Act (Count III), Negligence (Count IV), Assumpsit, Restitution, Unjust Enrichment and/or Quasi Contract (Count V), Violation of California Consumer Legal Remedies Act (Count VI), and Violation of California Unfair Competition Law (Count VII).

Of the three AMD Actions, the instant case was the first filed in this District. All of the AMD Actions are in their infancy, and discovery has not yet commenced. Defendant has yet to file a responsive pleading in any of the AMD Actions, although Defendant has entered into a stipulation in *Hauck* agreeing to respond to Plaintiff's complaint by March 15, 2018 and to hold a Rule 26(f) conference with Plaintiff's counsel by March 12, 2018. ECF No. 17. Based on the foregoing, the consolidation of the AMD Actions, allowing for the filing of a single Consolidated Complaint, and appointment of a plaintiffs' leadership structure will allow the Court and the parties to benefit by avoiding unnecessary duplication of effort and wasteful expenditure of resources that would necessarily result if the cases were to proceed separately.

## III.    ARGUMENT

Given the substantial similarity of the parties and claims in the AMD Actions, Plaintiff's motion for consolidation and appointment of a Class Leadership Group follows the guidance provided by FED. R. CIV. P. 42(a) and 23(g), and the *Manual*. The AMD Actions involve the same parties, bring nearly identical claims against the same defendant based on the same nucleus of facts on behalf of the same class of persons. Appointing the Class Leadership Group will streamline the prosecution of these claims and ensure consistency. Proposed Interim Co-Lead Class Counsel have extensive experience prosecuting class actions and have served as lead counsel for many of the largest complex class actions in U.S. history. The proposed Class Leadership Group is comprised of nationally-recognized counsel with unparalleled experience litigating consumer class actions.

### A.    THE COURT SHOULD CONSOLIDATE THE CASES BECAUSE THEY INVOLVE COMMON QUESTIONS OF LAW AND FACT

Consolidating these three cases into a single action is in keeping with FED. R. CIV. P. 42(a)'s goals: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue

any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). The decision to consolidate is within the sound discretion of the court. *See Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989) ("The district court has broad discretion under this rule to consolidate cases pending in the same district."). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu* v. *UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal citation omitted).

Here, the Court should exercise its discretion to consolidate the AMD Actions because the "actions before the court involve [] common question[s] of law or fact." *See In re Apple & AT&TM Antitrust Litig.*, No. 07-cv-05152, 2008 WL 1766761, at *1 (N.D. Cal. Apr. 15, 2008). The AMD Actions present materially identical legal and factual questions, such as whether the AMD processors were defective; whether AMD breached its warranties to Plaintiff and the other Class members; whether AMD violated state law; and whether Plaintiff and the other Class members were damaged as a result of AMD's conduct. Indeed, the *Hauck* and *Barnes* plaintiffs bring identical claims against AMD. The slight difference in the claims asserted in *Speck* will not require any additional proof or rely on different evidence. Further, each action brings claims on behalf of nearly identical classes. Moreover, the Court will require the same proof in each case to determine whether it is appropriate to toll the applicable statutes of limitations.

Consolidation will reduce the burden on the Court and benefit all parties. In a consolidated action, counsel for plaintiffs in the AMD Actions will share the costs and work. Defendant will not have to respond to duplicative discovery, or sit for repeat depositions. As currently situated, because of the duplicative claims in the cases, "essentially, there is one case split into [three]." *See, e.g. Hutchens v. Alameda Cty. Soc. Servs. Agency*, No. 06-cv-6870, 2008 WL 927899, at *2 (N.D. Cal. Apr. 4, 2008). Thus, consolidating the AMD Actions and the filing of a single Consolidated Complaint will conserve the Court's and the parties' resources, will narrow and conform the claims to be addressed and expedite pretrial proceedings by streamlining discovery, providing for unified (as opposed to separate and duplicative) pretrial motions (including any dispositive motions and class certification), will promote efficiency and simplify administrative management of the AMD

Actions. *Id.* ("the Court will avoid an unnecessary duplication of labor and expense, and possibly conflicting results, if it consolidates these matters."). Indeed, counsel for plaintiffs in each of the AMD Actions agree that the proposed consolidation will result in a more efficient management of the actions. *Id.*.

> **B.   THE COURT SHOULD APPOINT KTMC AND ROBBINS GELLER AS INTERIM CO-LEAD CLASS COUNSEL AND SHOULD APPOINT A PLAINTIFFS' EXECUTIVE COMMITTEE COMPRISED OF CARELLA BYRNE, SEEGER WEISS, KELLER ROHRBACK, DICELLO LEVITT AND BRANSTETTER STRANCH**

FED. R. CIV. P. 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating interim class counsel is essential because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual*, § 21.11. Plaintiff files the instant motion pursuant to Rule 23(g) in furtherance of the expeditious, equitable and effective litigation of these cases.

The proposed Class Leadership Group commits to ensuring that all counsel efficiently coordinate their efforts. Proposed Interim Co-Lead Class Counsel will be able to streamline the prosecution of the AMD Actions and speak for the entire Class Leadership Group with one voice. Interim Co-Lead Class Counsel would coordinate, manage, and preside over the activities of the Class Leadership Group, while ensuring shared responsibility for pleadings, discovery, and conduct of the litigation and also making certain that there is no duplication of effort or costs by the Plaintiffs' Executive Committee.

The attorneys and law firms comprising the proposed Class Leadership Group has a proven track record of working together to successfully litigate high-profile consumer class action cases, and a history of working collaboratively with many of the other lawyers who have appeared in this action. Given the magnitude and complexity of the claims, the proposed Class Leadership Group will protect the Class and will be able to vigorously prosecute the action on its behalf. The Class Leadership Group has proven and directly relevant experience successfully litigating high-profile class action cases. By appointing the Class Leadership Group, the Court will know that the interests

of the class will be well protected and that the consolidated action will advance in a practical and efficient manner. If appointed Interim Co-Lead Class Counsel, KTMC and Robbins Geller can effectively litigate the consolidated action and also can marshal, as appropriate, the talents of the Plaintiffs' Executive Committee.

The proposed Class Leadership Group satisfies the requirements for the appointment of class counsel in FED. R. CIV. P. 23(g)(1)(A), including the following factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;

> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

> (iii) counsel's knowledge of the applicable law; and

> (iv) the resources that counsel will commit to representing the class;

### 1. The Proposed Class Leadership Group Has Demonstrated a Commitment to Identifying and Investigating Potential Claims

The first factor under Rule 23(g)(1)(A) – the work counsel has done to investigate and advance the litigation – weighs in favor of appointing the Class Leadership Group, with KTMC and Robbins Geller acting as Interim Co-Lead Class Counsel.

The Class Leadership Group conducted an in depth investigation of plaintiffs' claims before drafting and filing complaints with comprehensive, detailed allegations setting forth their claims against AMD. The AMD Actions are the fruit of the Class Leadership Group's considerable efforts to collect and analyze information regarding the AMD processor defects. The Class Leadership Group dedicated substantial resources investigating AMD processor's vulnerability to the Spectre Defect, and how its vulnerability impacted AMD purchasers. Counsel spent many hours combing through publicly available reports, including news reports, technical treatises, studies and data relating to AMD processors, the Spectre Defect and how the Spectre Defect attacks AMD processors. The Class Leadership Group's pre-filing efforts also included a review of the applicable law and potential causes of action that could be asserted on behalf of the class. The Class Leadership Group is confident that each count asserted in the AMD Actions sets forth a legally valid and factually supported ground for relief based. The Class Leadership Group continues to

investigate the claims against AMD and have agreed to consolidation of the AMD Actions and the appointment of a leadership team to further advance the putative class's claims.

### 2. The Proposed Interim Class Leadership Group Has Significant Experience in Handling Class Actions and Complex Litigation and Has Substantial Knowledge of the Applicable Law

The second and third Rule 23(g)(1)(A) factors—counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, and counsel's knowledge of the applicable law—further demonstrate that KTMC and Robbins Geller are well-qualified to serve as Interim Co-Lead Class Counsel in this litigation and Carella Byrne, Seeger Weiss, Keller Rohrback, DiCello Levitt, and Branstetter Stranch have the knowledge, expertise and experience to serve as the interim Class Executive Committee. *See* 5 JEROLD S. SOLOVY, ET. AL. MOORE'S FEDERAL PRACTICE § 23.120(3)(b)-(c) (2017) ("Courts will consider both counsel's experience in other cases [and] knowledge of the applicable law").

### a) Co-Lead Class Counsel

KTMC, with offices in San Francisco and Pennsylvania, employs nearly 100 attorneys who focus exclusively on prosecuting large, complex class actions.[2] The firm has litigated hundreds of class actions across every federal circuit in the United States and is well-versed in all aspects of class litigation—from initial pleading and motion practice through extensive discovery (including complex issues relating to electronically stored information and expert discovery), class certification, trial or alternative resolution methods, and appeals. KTMC represents a wide variety of consumers, employees and investors asserting claims under federal statutes (including the Employee Retirement Income Security Act of 1974 ("ERISA"), the Sherman Antitrust Act, 15 U.S.C. § 1 (the "Sherman Act"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Labor Standards Act ("FLSA") and the Securities Act of 1933 and the Securities Exchange Act of 1934), state consumer protection statutes, and common law.[3]

KTMC also has substantial experience managing complex litigation such as this one and has been appointed as lead counsel or to the Class Executive Committee in numerous other multidistrict

---

[2] A true and correct copy of KTMC's firm resume is attached as Exhibit C to Meltzer Decl.

[3] *See* KTMC firm resume, Meltzer Decl., Ex. C.

litigations or other significant consumer related class actions. *See, e.g.*, *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-cv-2765 (D.N.J) (appointment as Interim Lead Class Counsel to the consolidated actions); *In re FCA US LLC Monostable Electronic Gearshift Litig.*, No. 16-md-02744 (E.D. Mich.) (appointment to Plaintiffs' Steering Committee in the consolidated action); *In re Target Data Breach*, MDL No. 14-md-2522 (D. Minn.) (KTMC served as class counsel and secured a substantial recovery for financial institutions that issued credit and debit cards that were compromised by the 2013 breach of Target's servers); *In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-02481, ECF No. 216 (S.D.N.Y. Mar. 6, 2014) (interim co-lead counsel); *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 12-md-2335 (S.D.N.Y) (appointing KTMC to Class Executive Committee – claims settled for $335 million).

Further, KTMC has been appointed lead counsel in complex class actions brought in California where federal district courts have recognized the firm's ability to vigorously represent class members. *In re PFF Bancorp, Inc. ERISA Litig.*, No. 08-cv-1093 (C.D. Cal.) (consolidating ERISA class actions and appointing KTMC as interim co-lead class counsel; *In re Syncor ERISA Litig.*, No. 03-cv-2446 (C.D. Cal.) (consolidating ERISA class actions and appointing KTMC as co-lead counsel); *Harris v. First Regional Bancorp*, No. 10-cv-07163 (C.D. Cal.) (appointed as interim class counsel); *In re KPMG Wage & Hour Litig.*, No. 07-cv-4396 (C.D. Cal. June 5, 2008) (appointed chair of executive committee); *In Re Wachovia Sec., Wage and Hour Litig.*, MDL No. 1807, No. 05-cv-1031 (C.D. Cal. Sept. 6, 2007) (executive committee member in the largest stock broker wage case litigated); *In re M.L. Stern Overtime Litig.*, No. 07-cv-118, 2009 WL 3272872, at *3 (S.D. Cal. Oct. 9, 2009) (noting KTMC's "significant experience and expertise" and its "strong record of success as lead counsel in other complex class actions"). Such appointments demonstrate the confidence that courts have in KTMC's ability to efficiently and effectively represent the interests of classes.

KTMC has recovered billions of dollars for class members in complex class action lawsuits, including, for example:

- ***CompSource Oklahoma v. BNY Mellon Bank, N.A.***, No. 08-cv-469 (E.D. Okla.). KTMC recovered $280 million after prosecuting claims for breaching statutory, common law, and contractual duties in connection with the administration of a securities lending program.

- ***Bd. of Trustees of the AFTRA Retirement Fund v. JP Morgan Chase Bank, N.A.***, No. 09-cv-00686 (S.D.N.Y.). KTMC asserted ERISA fiduciary duty claims on behalf of a class of participants in JP Morgan's securities lending program, where JP Morgan acted as discretionary investment manager. The action settled for $150 million.

- ***In re Tyco Int'l, Ltd. Sec. Litig.***, No. 02-cv-1335-B (D.N.H.). KTMC served as Co-Lead Counsel in this highly publicized securities fraud class action on behalf of institutional investors and recovered $3.2 billion from corporate defendant and their auditor.

- ***In re Bank of Am. Corp. Sec., Derivative, and ERISA Litig.***, No. 09-md-2058 (S.D.N.Y.). This case concerned violations of the federal securities laws by Bank of America and certain of its officers and board members related to the bank's merger with Merrill Lynch. KTMC was able to recover $2.425 billion on behalf of shareholders.

- ***In re S. Peru Copper Corp. Derivative Litig.***, No. 961-CS (Del. Ch.) KTMC obtained, after trial, the largest damage award in Delaware Chancery Court history – a $2 billion judgment – against the majority shareholder of a copper mining company. The firm then successfully defended an appeal of the judgment to the Delaware Supreme Court. *See Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012).

- ***In re Wachovia Preferred Sec. & Bond/Notes Litig.***, No. 09-cv-6351 (RJS) (S.D.N.Y.). KTMC recovered $627 million for investors – one of the largest recoveries under Section 11 of the Securities Act of 1933 – in an action alleging that Wachovia's registration statements and prospectuses contained false and misleading statements and omissions.

- ***In re Lehman Bros. Equity/Debt Sec. Litig.***, No. 08-cv-5523 (LAK) (S.D.N.Y.). This case concerned misstatements and omissions regarding Lehman's financial condition and its exposure to residential and commercial real estate markets in the time period leading up to Lehman's historic bankruptcy. The firm recovered $615 million on behalf of class members.

Robbins Geller is a 200-lawyer firm with offices in San Francisco, Boca Raton, Chicago, Manhattan, Melville, Nashville, San Diego, Atlanta, Philadelphia and Washington, D.C.[4] Robbins Geller is the largest class action firm in the world, and has served as lead or co-lead counsel in many of the most noteworthy class recoveries ever, including: *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (over $10 billion, ***largest ever*** consumer class settlement); *Jaffe v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion, ***largest ever*** post-verdict fraud settlement*); In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691 (D. Minn.) ($975,000,000, ***largest ever*** options backdating settlement); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.) ($5.7 billion, ***largest ever*** antitrust settlement, remanded on appeal).  Robbins Geller's successful

---

[4]A true and correct copy of Robbins Geller's firm resume is attached as Exhibit D to Meltzer Decl.

track record stems from the talents of its experienced attorneys, including many former "big law" defense lawyers, federal and state prosecutors and judicial law clerks.

Robbins Geller and its attorneys have held leadership positions in many of the largest consumer fraud, securities fraud, antitrust, environmental, and public health cases ever litigated, and have achieved many record-breaking recoveries for its clients. The following summaries provide a representative sample of past and current consumer fraud, antitrust and multidistrict litigation cases in which Robbins Geller attorneys hold, or held, a significant leadership role.

- ***In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.***, MDL No. 2672 (N.D. Cal.). Robbins Geller was an integral part of the team that reached a series of settlements on behalf of purchasers, lessees and dealers concerning illegal "defeat devices" that Volkswagen installed on 600,000 of its diesel-engine vehicles. Those settlements, when combined with governmental fines and environmental reparations, total well over $17 billion, the largest settlement in history.

- ***In re Nat'l Prescription Opiate Litig.***, MDL No. 2804 (N.D. Ohio). Robbins Geller serves on the Plaintiffs' Executive Committee to spearhead more than 200 federal lawsuits brought on behalf of governmental entities and other plaintiffs in the sprawling litigation concerning the nationwide prescription opioid epidemic. In reporting on the selection of the lawyers to lead the case, *The National Law Journal* reported that "[t]he team reads like a 'Who's Who' in mass torts."

- ***Cohen v. Trump***, No. 3:13-cv-2519 (S.D. Cal.). After six years of litigation and on the eve of trial, Robbins Geller secured a historic recovery on behalf of Trump University students, providing $25 million to approximately 7,000 consumers, including senior citizens who accessed retirement accounts and maxed out credit cards to enroll in Trump University. Robbins Geller represented the class on a *pro bono* basis.

- ***In re Yahoo! Inc. Customer Data Sec. Breach Litig.***, MDL No. 2752 (N.D. Cal.). The data breaches at Yahoo! affected over three billion users worldwide and constitute the single largest data breach in history. As a member of the Plaintiffs' Executive Committee appointed by the court after a contested leadership application process, Robbins Geller leads the law and briefing team whose efforts resulted in the court's denial, in large part, of Yahoo!'s motion to dismiss the plaintiffs' consolidated complaint.

- ***In re Facebook Biometric Info. Privacy Litig.***, No. 3:15-cv-03747-JD (N.D. Cal.). Robbins Geller serves as putative Co-Lead Counsel in this cutting-edge case concerning Facebook's alleged privacy violations through its collection of its users' biometric identifiers without informed consent through its "Tag Suggestions" feature, which uses proprietary facial recognition software to extract from user-uploaded photographs the unique biometric identifiers (*i.e.*, graphical representations of facial features, also known as facial geometry) associated with people's faces and identify who they are.

- ***In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.***, MDL No. 2785 (D. Kan.). Robbins Geller serves as Co-Lead Counsel in a case against Mylan Pharmaceuticals and Pfizer for engaging in crippling anti-competitive behavior that allowed the price of their ubiquitous and life-saving EpiPen auto-injector devices to rise over 600%, bilking American children and adults for hundreds of millions of dollars.

- ***In re Nat'l Hockey League Players' Concussion Injury Litig.***, MDL No. 2551 (D. Minn.). Robbins Geller serves as Co-Lead Counsel to a putative class of retired NHL players who sustained repetitive head trauma during their careers and now suffer from – or are at an increased risk of suffering from debilitating and life-changing neurodegenerative diseases, disorders and conditions, including Chronic Traumatic Encephalopathy (or CTE). Plaintiffs allege that the NHL knew or should have known of the decades of scientific and medical evidence associating brain trauma with long-term neurological problems, and failed to warn their players while fostering an unnecessarily violent game including bare-knuckled fist fighting.

- ***In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.***, MDL No. 1720 (E.D.N.Y.). Robbins Geller attorneys, as Co-Lead Counsel, reached a multi-billion dollar settlement (since remanded) concerning the setting of interchange fees. Upon remand, Robbins Geller was specifically re-designated as Co-Lead Counsel.

- ***In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.***, MDL No. 2777 (N.D. Cal.). Robbins Geller was appointed to the Plaintiffs' Steering Committee in this case alleging that Fiat Chrysler advertised Jeep and Dodge diesel automobiles as environmentally friendly "EcoDiesel" cars, but in reality the company had installed defeat devices that hid the true emission levels that exceeded government standards.

- ***In re Liquid Aluminum Sulfate Antitrust Litig.***, MDL No. 2687 (D.N.J.). Robbins Geller was appointed to the Plaintiffs' Steering Committee in litigation alleging a nationwide conspiracy in the liquid aluminum sulfate ("LAS") market, a water-treatment chemical that is purchased for use by various paper mills and public municipalities across the country. The case involves claims that LAS manufacturers participated in a price-fixing and bid-rigging scheme to inflate and maintain prices between 1997 and 2010.

- ***In re Morning Song Bird Food Litig.***, No. 3:12-cv-01592 (S.D. Cal.). Scotts Miracle-Gro was sued by bird owners represented by Robbins Geller for knowingly selling "Morning Song" bird food laced with toxic pesticides, Storicide II and Actellic 5E, despite a clear U.S. Environmental Protection Agency label on the chemicals warning of their dangers to wildlife and similar concerns voiced by in-house experts. The suit brings claims under the Racketeer Influenced and Corrupt Organizations Act, alleging a conspiracy to increase revenue and minimize losses from the tainted feed, and was certified as a class action in 2017.

- ***Gemelas v. The Dannon Co., Inc.***, No. 1:08-cv-00236 (N.D. Ohio). Robbins Geller attorneys secured the largest ever settlement for a false advertising case involving a food product. The case alleged that Dannon's advertising for Activia® and DanActive® branded products and their benefits from "probiotic" bacteria were overstated. As part of the nationwide settlement, Dannon agreed to modify its advertising and establish a fund of up to $45 million for consumers.

- ***In re Pet Food Prods. Liab. Litig.***, MDL No. 1850 (D.N.J.). Robbins Geller served as Co-Lead Counsel in this massive, 100+ case products liability MDL concerning the death of and injury to thousands of the nation's cats and dogs due to tainted pet food. The case settled for $24 million.

### b)   Plaintiffs' Executive Committee

Appointment of Carella Byrne, Seeger Weiss, Keller Rohrback, DiCello Levitt, and

Branstetter Stranch as a Plaintiffs' Executive Committee is appropriate under Rule 23(g) and will

advance the efficient and orderly prosecution of the AMD Actions.[5] Each of these experienced firms is committed to fostering a cooperative, unified working relationship among all plaintiffs' counsel. The Plaintiffs' Executive Committee members each have strong and successful track records of working cooperatively with others in prosecuting and managing complex class action. All of the firms at issue are all well-qualified for appointment under Rule 23(g).

Carella Byrne is experienced in class action litigation in New Jersey and nationwide including false advertising, products liability, breach of express or implied warranty, technology and telecommunications policies, financial services, food and drug products and property or development disputes.[6]

Likewise Seeger Weiss has extensive experience prosecuting class actions and has served as a member of leadership groups. Of note, Seeger Weiss served as Co-Lead counsel to NFL players in the NFL concussion lawsuit and is on the Plaintiffs' Executive Committee in the prosecuting claim National Presciption Opiate Litigation.[7] Seeger Weiss was also appointed to the Plaintiffs' Steering Committee for the MDL concerning the Volkswagen "clean diesel" emissions controversy, in the U.S. District Court, Northern District of California.

Keller Rohrback is a national law firm recognized for its leadership experience in the class action arena. As demonstrated in Keller Rohrback's resume courts across the country have appointed Keller Rohrback to protect consumers' interests in many high-stakes class actions. Most recently, Keller Rohrback was appointed as sole Class Counsel on behalf of consumers for whom Wells Fargo opened unauthorized accounts (*Jabbari v. Wells Fargo & Co.*, No. 15-cv-2159 (N.D. Cal.) (final settlement approval pending)); as Co-Lead Counsel in *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, MDL No. 2785 (D. Kan.); and as member of the plaintiffs' steering committees in *In re Chrysler-Dodge-Jeep EcoDiesel® Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL 2777 (N.D. Cal.) and *In Re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL. No. 2672 (N.D. Cal.).[8]

---

[5] *See* Meltzer Decl. at Exhibits E-I.
[6] The Carella Byrne firm resume is attached to the Meltzer Decl. at Ex. E.
[7] The Seeger Weiss firm resume is attached to the Meltzer Decl. at Ex. F.
[8] The Keller Rohrback firm resume is attached to the Meltzer Decl. at Ex. G.

The attorneys at DiCello Levitt have long experience in the consumer protection and class action spaces. In particular, Adam Levitt, one of the firm's founders, has represented plaintiffs in some of the largest and most consequential technology-based class action litigations in history, ranging from the Volkswagen emissions scandal to biotechnology litigation concerning genetically-modified crops and defective herbicides, recovering billions for class members. DiCello Levitt's practice also includes complex, multistate automotive litigation, unfair competition litigation; and financial services litigation implicating securities, commodities, consumer credit, and insurance fraud.[9]

Branstetter Stranch has represented plaintiffs in a wide array of class action lawsuits nationwide including cases involving defective medical devices, prescription drugs, antitrust matters, spam calls texts and faxes, as well as securities litigation.[10]

### 3. The Proposed Class Leadership Group Committed, and Will Continue to Commit, the Resources Necessary to Fully Protect the Interests of the Class

The final Rule 23(g)(1)(A) factor, which concerns the resources that counsel will commit to the case, also supports appointing of the proposed Class Leadership Group. *See* MOORE'S FEDERAL PRACTICE § 23.120(3)(d)(i) ("Courts have long considered counsel's willingness and ability to devote resources to the litigation").

KTMC's extensive history of successfully representing classes establishes its commitment to zealous advocacy. KTMC, as Co-Lead Class Counsel, conducted a complex bench trial in *Brieger v. Tellabs, Inc.*, No. 06-cv-01882 (N.D. Ill.), an ERISA company stock breach of fiduciary duty class action. To the best of KTMC's knowledge, this was only the fourth such ERISA case to go to trial. In addition, KTMC is one of only a handful of firms in the United States to try to verdict a securities fraud class action lawsuit. *See In re Longtop Fin. Techs. Ltd. Sec. Litig.*, No. 11-cv-3658 (S.D.N.Y.) (trial concluded in November 2014; one of only thirteen securities class actions to reach a verdict since the enactment of the Private Securities Litigation Reform Act of 1995 (based on post-enactment conduct)). Additionally, KTMC obtained the largest damage award in Delaware

---

[9] The DiCello Levitt firm resume is attached to the Meltzer Decl. at Ex. H.
[10] The Branstetter Stranch firm resume is attached to the Meltzer Decl. at Ex. I.

Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. involving Southern Peru Copper Corp. of $126 billion, and recently tried a breach of fiduciary duty case against Dole Food Company's Chairman and CEO and obtained a $148 million judgment on behalf of stockholders. *See In re S. Peru Copper Corp. Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012); *In re Dole Food Co., Inc. Stockholder Litig..*, No. CV 8703-VCL, 2015 Del. Ch. LEXIS 223 (Del. Ch. Aug. 27, 2015).

Robbins Geller is also extremely well-capitalized and possesses one of the largest and most robust human, technological, investigatory, and financial resources in its field. As noted above, Robbins Geller has over 200 highly experienced and diverse attorneys who have dedicated their careers to class action litigation, including consumer protection. Robbins Geller consistently advances millions of dollars of litigation costs without third-party funding in matters of comparable or even greater size and complexity. For instance, in *Jaffe v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller prosecuted a complex certified class action for 14 years, expending over $35 million in actual, out-of-pocket expenses without third-party funding before securing a $1.575 billion recovery on the eve of a second trial. In addition, Robbins Geller's technology resources are critical as, over the last decade, electronic discovery has transformed litigation and enabled the preservation, collection, production, and review of vast quantities of documents far more efficiently and cost-effectively than was previously possible. Robbins Geller has undertaken much of the e-discovery services typically outsourced to third-party providers and developed state-of-the-art resources to manage the production, storage, processing, analysis, printing, and review of electronic discovery. These resources provide the Class Leadership Group with greater ability to review extensive document collections and greater control over infrastructure security, while reducing the time and expense associated with maintaining e- discovery database.

### 4. The Proposed Class Leadership Group Will Fairly and Adequately Represent the Interests of the Class

In addition to the Rule 23(g)(1)(A) factors, Rule 23(g)(4) provides that "[c]lass counsel must fairly and adequately represent the interests of the class." The Advisory Committee Notes on Rule 23 reflect that this provision is intended to make clear that "the primary responsibility of class

counsel . . . is to represent the best interests of the class." FED. R. CIV. P. 23(g)(1)(B) Advisory Committee Notes (2003). The proposed Class Leadership Group's commitment to representing Plaintiff and other Class members is evidenced by the numerous court decisions appointing the firms as class counsel and the billions of dollars they have recovered for injured plaintiffs and other class members. The proposed Class Leadership Group is more than capable of prosecuting this litigation in the best interests of the Class and satisfies the requirements of Rule 23(g)(4)..

The leadership structure proposed herein—with Co-Lead Class Counsel and a Plaintiffs' Executive Committee—provides the most effective and efficient representation and is therefore in the best interests of the Class. "The types of appointments and assignments of responsibilities will depend on many factors. ***The most important is achieving efficiency and economy***[.]" *Manual* § 10.221 (emphasis added).

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court appoint KTMC and Robbins Geller as Interim Co-Lead Class Counsel and a Plaintiffs' Executive Committee comprised of Carella Byrne, Seeger Weiss, Keller Rohrback, DiCello Levitt, and Branstetter Stranch. A proposed order, for the Court's consideration, is submitted herewith.

Dated: February 23, 2018

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

*/s/ Eli R. Greenstein*
ELI R. GREENSTEIN
egreenstein@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA  94104
Tel: (415) 400-3000
Fax: (415) 400-3001

-and-

JOSEPH H. MELTZER
jmeltzer@ktmc.com
280 King of Prussia Road
Radnor, PA  19087
Tel: (610) 667-7706
Fax: (610 667-7056

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ROBBINS GELLER RUDMAN
   & DOWD LLP**
STUART A. DAVIDSON
sdavidson@rgrdlaw.com
CHRISOPHER C. GOLD
cgold@rgrdlaw.com
RICARDO J. MARENCO
rmarenco@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000
Fax: (561) 750-3364

**CARELLA, BYRNE, CECCHI,
   OLSTEIN, BRODY & AGNELLO, P.C.**
JAMES E. CECCHI
jcecchi@carellabyme.com
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
Fax: (973) 994-1744

**SEEGER WEISS LLP**
CHRISTOPHER A. SEEGER
cseeger@seegerweiss.com
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (212) 584-0700
Fax: (212) 584-0799

***Attorneys for Plaintiff Diana Hauck***

**KELLER ROHRBACK L.L.P.**
ALISON CHASE (SBN 226976)
achase@kellerrohrback.com
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel: (805) 456-1496
Fax: (805) 456-1497

**KELLER ROHRBACK L.L.P.**
T. DAVID COPLEY
dcopley@kellerrohrback.com
GRETCHEN FREEMAN CAPPIO (*pro hac
vice* forthcoming)
gcappio@kellerrohrback.com
CARI CAMPEN LAUFENBERG (*pro hac
vice* forthcoming)
claufenberg@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

*Attorneys for Plaintiffs Nathan Barnes and Jonathan Caskey-Medina*

**DiCELLO  LEVITT & CASEY LLC**
ADAM J. LEVITT (pending admission *pro hac vice*)
alevitt@dlcfirm.com
AMY E. KELLER (pending admission *pro hac vice*)
akeller@dlcfirm.com
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel: (312) 214-7900

**DiCELLO LEVITT & CASEY LLC**
MARK M. ABRAMOWITZ (pending admission *pro hac vice*)
mabramowitz@dlcfirm.com
Western Reserve Law Building
7556 Mentor Avenue
Mentor, OH 44060
Tel: (440) 953-8888

**BRANSTETTER, STRANCH & JENNINGS, PLLC**
J. GERARD STRANCH, IV (pending admission *pro hac vice*)
gerards@bsjfirm.com
BENJAMIN A. GASTEL (pending admission *pro hac vice*)
beng@bsjfirm.com
TRICIA HERZFELD (pending admission *pro hac vice*)
triciah@bsjfirm.com
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
Fax: (615) 255-5419

*Attorneys for Plaintiff Brian Speck*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

KESSLER TOPAZ
 MELTZER & CHECK, LLP

*/s/ Eli R. Greenstein*